IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
2009 APR 14 PM 3:54

CLERK
SO. DIST. OF GA.

SHARON DRIGGERS, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV508-006
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of the Commissioner, denying her claims for Disability Insurance Benefits and Supplemental Security Income ("SSI"). Plaintiff urges the Court to reverse the Commissioner's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for further consideration of the evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for a period of disability, disability benefits, and SSI payments on July 28, 2005, alleging that she became disabled on April 1, 1997, as the result of uncontrolled high blood pressure; heart problems; diabetes; pain; vision; problems swallowing; nerves; panic attacks; shortness of breath; and swelling, burning, stinging, and numbness in feet and legs.[1] (Tr. at 23, 70). After her claim was denied

---

[1] Plaintiff's last date insured was December 31, 2002, but she amended her alleged disability onset date to July 21, 2005. As a result, she was not disabled for the purposes of entitlement to a period of disability and disability insurance benefits. The ALJ's opinion addressed Plaintiff's alleged disability for purposes of eligibility to SSI payments. (Tr. at 26, 459-460).

AO 72A
(Rev. 8/82)

initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On August 17, 2007, ALJ J. Richard Stables ("ALJ" or "ALJ Stables") held a video hearing. Plaintiff appeared and testified in Waycross, Georgia, while the ALJ presided over the hearing in Savannah, Georgia. James R. Newton, a vocational expert, also testified at the hearing. (Tr. at 23). The ALJ determined that Plaintiff was not disabled. (Tr. at 30). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 11-13).

Plaintiff, born on March 31, 1954, was fifty-three (53) years old when ALJ Stables issued his decision. (Tr. at 461). Plaintiff has a ninth grade education. (Tr. at 462). She has past relevant work experience as a personal attendant and a nurse's assistant. (Tr. at 464-465).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the plaintiff is not engaged in such activity, then the second inquiry asks whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is not "severe," then disability benefits are denied. Yuckert, 482 U.S. at 141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The

third step requires determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; Yuckert, 482 U.S. at 141. If the impairment meets or equals one of the listed impairments, then the plaintiff is presumed disabled. Id. If the impairment does not meet or equal one of the listed impairments, then the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing her past relevant work. Id. If the claimant is unable to perform her past relevant work, then the final step of the evaluation process determines whether she is able to perform other work in the national economy, considering her age, education, and work experience. Yuckert, 482 U.S. at 142. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

ALJ Stables followed the sequential process to determine that Plaintiff had not engaged in substantial gainful employment since July 21, 2005. (Tr. at 25). At Step Two, the ALJ determined that Plaintiff did not have a severe impairment, or combination of impairments, that existed on or before December 31, 2002, her date last insured. The ALJ further determined that from July 21, 2005, through the date of his decision, Plaintiff had the severe impairments of coronary artery disease, status post triple bypass; generalized anxiety disorder, mild to moderate; anxiety disorder, not otherwise specified; and dissimulation, moderate to moderately severe. (Tr. at 26). The ALJ determined, at Step Three, that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 27). The ALJ found that Plaintiff had

the residual functional capacity to perform medium exertional work, with some limitations. (Tr. at 28). At Step Four, the ALJ found that Plaintiff could perform her past relevant work as a nurse's assistant and personal attendant. (Tr. at 30).

## ISSUES PRESENTED

The issues presented in this review are whether:

I. there is substantial evidence supporting the ALJ's decision to discount the treating physician's opinion;

II. the ALJ failed to discuss all of the evidence; and

III. the ALJ failed to consider the effects of Plaintiff's impairments in combination.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F. 2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F. 3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F. 2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard

AO 72A
(Rev. 8/82)

4

requires more than a scintilla but less than a preponderance of evidence. <u>Dyer</u>, 395 F. 3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. <u>Cornelius</u>, 936 F. 2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**I.    The ALJ did not properly discount the opinion of Dr. Roberto Garcia.**

Plaintiff contends that the ALJ did not properly discount the opinion of her treating physician, Dr. Garcia. Plaintiff notes that ALJ Stables' decision did not mention Dr. Garcia's opinion that she could not work. Plaintiff asserts that the ALJ erroneously found that Dr. David Walters was her treating physician at the time of his decision. Plaintiff notes that Dr. Garcia opined that she suffered from bilateral arterial peripheral vascular disease, as documented by an ankle brachial index test by a directional Doppler. Plaintiff asserts that Dr. Garcia further opined that she could not work because of her multiple medical conditions. Plaintiff contends that the ALJ gave no reason for discounting Dr. Garcia's opinion, much less clearly articulate a valid reason for discounting his opinion. (Doc. No. 17, pp. 7-9).

Defendant concedes that ALJ Stables' decision did not mention Dr. Garcia's statement, but asserts that the ultimate determination of a claimant's disability is reserved for the Commissioner. (Doc. No. 18, p. 16) (<u>citing</u> 20 C.F.R. § 416.927(e)). Defendant further asserts that opinions by Plaintiff's treating sources as to whether she is disabled or unable to work are considered by the ALJ along with other relevant evidence, but can never be given special significance. (<u>Id.</u>). Defendant contends that

the Commissioner's decision should not be disturbed because the ALJ demonstrated his consideration of Dr. Garcia's treatment of Plaintiff by referencing his treatment records in the discussion of the evidence. (Doc. No. 18, pp. 16-17).

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F. 2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the Commissioner rejects the opinion of the treating physician, he must give "explicit and adequate" reasons for the rejection. Elam v. Railroad Retirement Board, 921 F.2d 1210, 1215 (11th Cir. 1991). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefore." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). When the ALJ determines that "good cause" exists to disregard a treating physician's opinion, the ALJ must clearly articulate the reasons supporting this decision. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).

ALJ Stables determined that since July 21, 2005, Plaintiff experienced the severe impairments of coronary artery disease, status post triple bypass; generalized anxiety disorder, mild to moderate; anxiety disorder, not otherwise specified; and dissimulation, moderate to moderately severe. ALJ Stables further determined that Plaintiff's dysphagia, hypothyroidism, obesity, hypertension, hiatal hernia/gastroesophageal, diabetes mellitus type II with peripheral neuropathy, and heel/Achilles/tibial impairment

were non-severe impairments. The ALJ noted that Plaintiff was not disabled for the purposes of entitlement to a period of disability and disability insurance benefits because she amended her alleged disability onset date to July 21, 2005. (Tr. at 26).

The ALJ observed that Plaintiff's treatment records show myocardial infarction with triple bypass surgery in July 2005. Plaintiff was described afterwards as being deconditioned, but doing well since the procedure. There is no evidence of other diabetic or hypertensive end organ damage. The ALJ remarked that a lower extremity procedure indicated a mild arterial obstruction, bilaterally. The ALJ further remarked that Dr. Waters' medical source statement suggested a degree of physical limitation disproportionate to this procedure and his findings from examinations. The ALJ observed that subsequent notes indicate a diagnosis of plantar fasciitis, small heel spur, and mild distal Achilles tendinosis. ALJ Stables further observed that there were later findings of dysphagia, hypertension, diabetes mellitus II, hypothyroidism, obesity, CAD, and peripheral neuropathy. (Tr. at 26). ALJ Stables noted that Plaintiff's dysphagia improved with Reglan and Prevacid, with only minor residual symptoms bothering her. (Tr. at 26-27).

ALJ Stables observed that Plaintiff did not allege any psychological problems, but alleged problems with nerves and panic attacks during a psychological consultative examination performed by Dr. Eaton. ALJ Stables further observed that Dr. Eaton opined that Plaintiff's IQ scores were lower than expected and inconsistent with her reading capability and with her having obtained a nurse aid certification. The ALJ noted that CARB and WMI results indicated poor effort consistent with exaggeration and malingering. Dr. Eaton's diagnostic impression was generalized anxiety disorder, mild

to moderate; anxiety disorder, not otherwise specified; personality traits or coping style affects medical conditions; and dissimulation, moderate to moderately severe. The ALJ noted that Dr. Eaton indicated that Plaintiff's ability to interact with the public was poor. Dr. Eaton further indicated that Plaintiff had fair-poor stress coping skills, emotional stability, and reliability. All other areas of Plaintiff's ability to make personal, social, and vocational adjustments were determined to be fair or good. (Tr. at 27).

ALJ Stables determined that Plaintiff did not have an impairment, or combination of impairments, that meets or medically equals a listed impairment. ALJ Stables remarked that Plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the criteria for listings 12.06 or 12.08. (Tr. at 27). The ALJ determined that the "paragraph B" criteria were not satisfied. (Tr. at 27-28).

The ALJ found that Plaintiff has the residual functional capacity to perform medium exertional work in a low stress environment that allows her to avoid concentrated exposure to temperature extremes and respiratory irritants. The ALJ further found that Plaintiff had slight to moderate limitations in the ability to use judgment; make work decisions; and to understand, remember, and execute simple and detailed instructions. The ALJ determined that Plaintiff had moderate limitations in the ability to interact appropriately with supervisors and co-workers; to adapt; and to understand, remember, and execute complex instructions. The ALJ further determined that Plaintiff had marked limitations in the ability to interact appropriately with the public. ALJ Stables noted that in making his findings, he considered all symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the

objective medical and other evidence. ALJ Stables further noted that he considered opinion evidence. (Tr. at 28).

ALJ Stables observed that Plaintiff alleged that she had difficulty swallowing. Plaintiff further alleged that she suffered from swelling, burning, stinging, and numbness in her feet and legs. ALJ Stables remarked that Plaintiff alleged that she could not walk or stand for too long on her feet, and that bending and stooping were difficult. The ALJ noted that Plaintiff claimed to become tired and out of breath after any kind of activity. Plaintiff further claimed that after her heart surgery she had trouble with her chores and remembering phone numbers. ALJ Stables remarked that Plaintiff alleged she had panic attacks, problems with breathing, trouble staying focused on what she was doing, and problems resting well at night. ALJ Stables further remarked that Plaintiff testified to having circulation problems, lower extremity swelling, numbness, stinging, burning, poorly regulated thyroid causing problems with all body organs, and uncontrolled diabetes mellitus. (Tr. at 29).

After considering the evidence of record, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible because they were not substantiated by the objective medical evidence. ALJ Stables observed that further questions regarding Plaintiff's credibility were raised by her activities of daily living, which demonstrated greater capacity than alleged; her documented malingering; and her admission that she is non-compliant with a diabetic diet. The ALJ remarked that Plaintiff's predominant allegation of disability is based on alleged problems with her

legs, but her treating physician prescribed walking for exercise. (Tr. at 29). The ALJ further remarked that Plaintiff's lower extremity ankle brachial index procedure showed only mild arterial obstruction. (Tr. at 29-30). ALJ Stables noted that an MRI showed mild distal posterior tibial tendinosis, mild Achilles tendinosis, and a small heel spur. ALJ Stables remarked that treatment records do not document any disabling cardiac impairment after Plaintiff's triple bypass. The ALJ remarked that Plaintiff's testimony that she walks for exercise and continued going to yard sales until the summer of 2006 demonstrates that her ability to stand and walk are not significantly diminished. ALJ Stables opined that walking for exercise and going to yard sales shows that Plaintiff is not disabled by circulatory, cardiac, or other physical or mental impairments. (Tr. at 30).

ALJ Stables remarked that great weight was given to the medical source statement (mental) of Dr. Eaton, the examining consultative psychologist, because it was well supported and not inconsistent with other substantial evidence of record. The ALJ observed that with regard to Plaintiff's physical limitations, he adopted the well supported findings and opinions of the State Agency medical consultants, as reflected in the residual functional capacity analysis. The ALJ opined that Dr. Waters' opinion, as expressed in his medical source statement, had no evidentiary value because the objective evidence did not support it and Plaintiff's documented dissimulation raised serious doubts about the validity of her subjective allegations. ALJ Stables noted that Plaintiff stated that she stopped working to care for her mentally retarded son and because her other son for whom she worked moved away and no longer needed her bookkeeping services, not because of any mental or physical impairments. (Tr. at 30).

The ALJ found that Plaintiff is capable of performing past relevant work as a nurse's assistant and personal attendant. The ALJ remarked that the vocational expert testimony indicated that Plaintiff's past relevant work did not require the performance of work-related activities precluded by her residual functional capacity. The ALJ compared Plaintiff's residual functional capacity with the physical and mental demands of her past relevant work and determined that she is able to perform it as it was actually and generally performed. ALJ Stables found that Plaintiff was not disabled. (Tr. at 30).

The record reveals that Dr. Garcia began treating Plaintiff in August of 2006. (Tr. at 213-240). Dr. Garcia opined on February 5, 2007, that Plaintiff was "suffering from multiple medical conditions that prevent her to perform jobs or activities." (Tr. at 224). ALJ Stables did not mention Dr. Garcia's opinion in his decision, much less give "explicit and adequate" reasons for rejecting the treating physician's opinion. See Elam, 921 F. 2d at 279. Defendant correctly contends that the ultimate issue of whether a claimant is disabled is reserved for the Commissioner to determine. However, the ALJ must clearly articulate his reasons for disregarding a treating physician's opinion. See Phillips, 357 F. 3d at 1240-41. ALJ Stables clearly failed to articulate his reasons for disregarding Dr. Garcia's opinion because he did not discuss Dr. Garcia's opinion at all in his decision. Defendant's contention that the ALJ demonstrated his consideration of Dr. Garcia's treatment of Plaintiff by referencing Dr. Garcia's treatment records in his decision is unavailing. The ALJ must do more than consider Dr. Garcia's opinion, he is required to "state with particularity the weight he gave different medical opinions and the reasons therefore." See Sharfarz, 825 F. 2d at 279. Accordingly, this case should be remanded

so that the ALJ may make appropriate findings regarding Dr. Garcia's medical treatment and opinions.

It is unnecessary to address Plaintiff's remaining enumerations of error at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 14th day of April, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE