IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

SHARON DRIGGERS,

    Plaintiff,

v.                          CASE NO. CV508-006

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.

# ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge (Doc. 21), to which timely Objections have been filed (Doc. 23). After a careful de novo review of the Record, the Court concurs with the Magistrate Judge's Report and Recommendation. Therefore, the Magistrate Judge's Report and Recommendation is **ADOPTED** as the Opinion of the Court. For the reason that follows, Defendant's Objection is **OVERRULED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

In the Objection, Defendant argues that the treating physician's opinion that Plaintiff Driggers was disabled was not a medical opinion under 20 C.F.R. § 416.927(a)(2).[1] (Doc. 23 at 2.)

---

[1] Notably, the Commissioner does not cite a single case in which this Regulation was understood to permit an Administrative Law Judge ("ALJ") to ignore a potentially conclusory opinion by a treating physician. (Doc. 23.) Likewise, this Court's independent review has shown none. To be sure, it is different to say that the Regulations would support a decision to discredit the

However, it appears to this Court that the only consideration the ALJ gave to the treating physician, Dr. Garcia, was an implicit acceptance of several of the physician's diagnoses in a general listing of Plaintiff's medical conditions. (Doc. 13 at 26-27.) With respect to the physician's opinions as to how these conditions affected the Plaintiff, the ALJ simply ignored the records of the physician, including the statement that these conditions rendered her disabled.[2] (Doc. 13 at 22-33.) This the ALJ cannot do. See Snyder v. Cmm'n of Social Sec., 2009 WL 1492653, at *3 (11th Cir. May 29, 2009). Accordingly, Defendant's Objections are **OVERRULED**.

SO ORDERED this 21st day of August, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

physician's opinion than it is to say the Regulations allow the ALJ to ignore the opinion entirely without explanation.

[2] The Court notes that the ALJ did take the time to explicitly discredit the Opinion of Dr. Waters, the Plaintiff's prior treating physician. (Doc. 13 at 32.) It is possible that the ALJ believed the prior treating physician was the current treating physician in this case; that the ALJ considered Dr. Garcia's opinion conclusory; or that Dr. Garcia's opinion was discredited for other reasons, some of which would be permissible and others not. However, the ALJ's silence renders coherent review impossible, which is the exact reason why ALJs must explicitly explain any choice to disregard the diagnoses of a claimant's treating physician. See Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) ("[T]he ALJ [must] state with particularity the weight he gave the different medical opinions and the reasons therefor.")